**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**RETAIL SERVICE SYSTEMS, INC.**  :  **Case No. 2:26-cv-00383**
  :
    **Plaintiff,**  :
  :  **JUDGE ALGENON L. MARBLEY**
    **v.**  :
  :  **MAGISTRATE JUDGE VASCURA**
**AMERICA BEDDING DIRECT, LLC,** *et al.,* :
  :
    **Defendants.**  :

**<u>OPINION & ORDER</u>**

This matter is before this Court on Plaintiff's Emergency Motion to Prevent the Defendants' Disclosure of Plaintiff's Confidential Information and Trade Secrets to Yet Another Competitor (ECF No. 34). For the reasons set forth below, Plaintiff's Motion is **GRANTED in part and DENIED in part**.

On April 29, 2026, this Court ordered Defendants to notify Plaintiffs immediately of the expert Defendants identified to testify at the preliminary injunction hearing, and additionally to provide any expert reports by **May 4, 2026, at 12:00 p.m.** (ECF No. 33 at 2). In compliance with this Court's order, Defendants notified Plaintiffs of their intent to present David Novy as an expert witness. (ECF No. 34 at 1). Plaintiffs have since filed the emergency motion *sub judice* noting concerns regarding Mr. Novy's qualifications and the fact that he is a recent entrant into the mattress industry. (*Id.* at 2). Plaintiffs also raise concern about the fact that Mr. Novy's business operates within a twenty (20) mile radius of Plaintiffs headquarters making Mr. Novy's business a direct competitor in Plaintiff's core geographic market. (*Id.*). As such, Plaintiffs request that Defendants be prohibited from disclosing Plaintiffs confidential information and trade secret information identified in the Protective Order. (*Id.* at 3–4).

1

On April 30, 2026, this Court held a status conference on Plaintiff's Emergency Motion and ordered as follows:

1.  Defendants are not to disclose the contents of Confidential Exhibits 1 and 2 to expert witness, David Novy, prior to the preliminary injunction hearing.

2.  At the preliminary injunction hearing, Defendants must first lay a foundation for Mr. Novy's general knowledge of the industry and industry standards. Defendants will be initially limited to questioning Mr. Novy on industry standards regarding the opening, set up, and general operation of a mattress business.

3.  If Defendants successfully lay a foundation for Mr. Novy's knowledge, Defendants may elicit more specific testimony under seal from Mr. Novy regarding Confidential Exhibits 1 and 2. Defendants may ask more specific questions including, but not limited to, certain scripts used for advertising in the industry, floor layouts, and the general operation of a mattress business as set forth in Confidential Exhibits 1 and 2. In response to these questions, Mr. Novy must provide context and specific details as to the source of his knowledge. To the extent that information in Exhibits 1 and 2 overlap, the Defendants may not elicit redundant questions regarding Confidential Exhibits 1 and 2.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATE:  May 1, 2026**

2