**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **RETAIL SERVICE SYSTEMS, INC.** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:26-cv-00383 |
| | ) | |
| v. | ) | Judge Algenon L. Marbley |
| | ) | |
| **AMERICA BEDDING DIRECT, LLC ET AL.,** | ) | Magistrate Judge Chelsey M. Vascura |
| | ) | |
| | ) | |
| Defendants. | ) | |

<u>**DEFENDANTS AMERICA BEDDING DIRECT, LLC, DARREN CONRAD, TROY MEATH, AND MATTRESS DIRECT-LODI'S ANSWER TO THE COMPLAINT & COUNTERCLAIM**</u>

In response to the Complaint filed by Plaintiff Retail Service Systems, Inc., Defendants America Bedding Direct, LLC, Darren Conrad, Troy Meath, and Mattress Direct—Lodi (collectively, "***Defendants***") answer as follows:

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore, deny the same.

2.      Defendants deny that Plaintiff has any trade secrets relating to the establishment or operation of retail businesses in the home-furnishing industry.  The so-called trade secrets have been part of the public knowledge since at least 2015, as the information has been included in prior publications, including the following books by Pete Primeau:  "Miles & Miles of Retail Selling Greatness:  How to Sell More Mattresses This Year," and "Sell A Million!:  1010 Tips for Furniture & Mattress Store Owners to Sell a Million Dollars or More This Year!"  Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 2, and therefore, deny the same.

1

3. Defendants admit that Mr. Conrad used to work for Plaintiff and had access to information; however, Defendants specifically deny that any of the information constitutes a trade secret and deny any remaining allegations contained in Paragraph 3.

4. Defendants state that Exhibits A and B speak for themselves and deny all other allegations contained in Paragraph 4.

5. Defendants admit Mr. Meath used to be an RSS dealer but deny the remaining allegations contained in Paragraph 5.  Mr. Meath asserts that he stopped being an RSS dealer in June 2022.

6. Defendants deny the allegations contained in Paragraph 6.

7. Defendants admit that Mr. Meath used to work for Plaintiff but deny the remaining allegations contained in Paragraph 7.

8. Defendants state that Exhibits B and C speak for themselves and deny all other allegations contained in Paragraph 8.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and therefore, deny the same.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and therefore, deny the same.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and therefore, deny the same.

12. Defendants admit the allegations contained in Paragraph 12.

13. Defendants admit the allegations contained in Paragraph 13.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and therefore, deny the same.

4906-9134-0723, v. 1

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and therefore, deny the same.

16. Defendants admit the allegations contained in Paragraph 16.

17. Defendants deny the allegations contained in Paragraph 17.

18. Defendants deny the allegations contained in Paragraph 18.

19. Defendants deny the allegations contained in Paragraph 19.

20. Defendants deny the allegations contained in Paragraph 20.

21. Defendants deny the allegations contained in Paragraph 21.

22. Paragraph 22 contains a statement on the remedies Plaintiff seeks; and thus, no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 22.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and therefore, deny the same.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and therefore, deny the same.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and therefore, deny the same.

26. Paragraph 26 merely provides a collective definition for two entities; and thus, no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 26.

27. Defendants admit that ABD is an Ohio LLC.

28. Defendants admit the allegations contained in Paragraph 28.

29. Defendants admit the allegations contained in Paragraph 29.

3

4906-9134-0723, v. 1

30.     Defendants admit that Mr. Meath is a natural person who resides in Lodi, California and that he operates a business that goes by the name of Mattress Direct—Lodi.  Defendants deny the remaining allegations contained in Paragraph 30.

31.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, and therefore, deny the same.

32.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, and therefore, deny the same.

33.     Paragraph 33 contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 33.

34.     Defendants deny the allegations contained in Paragraph 34.

35.     Defendants deny the allegations contained in Paragraph 35.

36.     Paragraph 36 contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 36.

37.     Paragraph 37 contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 37.

38.     Paragraph 38 contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 38.

39.     Paragraph 39 contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 39.

40.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40, and therefore, deny the same.

41.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41, and therefore, deny the same.

4

42. Defendants deny the allegations contained in Paragraph 42.

43. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43, and therefore, deny the same.

44. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44, and therefore, deny the same.

45. Paragraph 45 contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 45.

46. Defendants deny that RSS owns any proprietary marketing and training system. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46, and therefore, deny the same.

47. Defendants deny the allegations contained in Paragraph 47.

48. Defendants deny that RSS owns any proprietary information. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48, and therefore, deny the same.

49. Defendants deny the allegations contained in Paragraph 49.

50. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50, and therefore, deny the same.

51. Defendants deny the allegations contained in Paragraph 51.

52. Defendants deny that RSS owns any proprietary information. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 52, and therefore, deny the same.

53. Defendants deny the allegations contained in Paragraph 53.

54. Defendants deny the allegations contained in Paragraph 54.

4906-9134-0723, v. 1

55. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55, and therefore, deny the same.

56. Defendants deny that RSS owns any proprietary information. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 56, and therefore, deny the same.

57. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57, and therefore, deny the same.

58. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58, and therefore, deny the same.

59. Defendants deny that RSS owns any proprietary system that needs protected. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 59, and therefore, deny the same.

60. Defendants deny the allegations contained in Paragraph 60.

61. Defendants deny the allegations contained in Paragraph 61.

62. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62, and therefore, deny the same.

63. Defendants deny the allegations contained in Paragraph 63.

64. Defendants deny the allegations contained in Paragraph 64.

65. Defendants deny the allegations contained in Paragraph 65.

66. Defendants deny the allegations contained in Paragraph 66.

67. Defendants deny the allegations contained in Paragraph 67.

68. Defendants deny the allegations contained in Paragraph 68.

69. Defendants deny the allegations contained in Paragraph 69.

4906-9134-0723, v. 1

70. Defendants deny the allegations contained in Paragraph 70.

71. Defendants deny the allegations contained in Paragraph 71.

72. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72, and therefore, deny the same.

73. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73, and therefore, deny the same.

74. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74, and therefore, deny the same.

75. Defendants admit that Mr. Meath was an RSS dealer and that he had a business relationship with RSS with regard to recruiting. Defendants deny the remaining allegations contained in Paragraph 75.

76. Defendants deny the allegations contained in Paragraph 76 in that Defendants deny that Exhibits C or D are enforceable, valid contracts.

77. Defendants deny the allegations contained in Paragraph 77.

78. Defendants admit that Mr. Conrad used to work for Plaintiff but deny the remaining allegations contained in Paragraph 78.

79. Defendants deny the allegations contained in Paragraph 79 in that Defendants deny that Exhibit A is an enforceable, valid contract.

80. Defendants deny the allegations contained in Paragraph 80.

81. Defendants admit the allegations contained in Paragraph 81.

82. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82, and therefore, deny the same.

4906-9134-0723, v. 1

83.     Defendant denies that Lodi Mattress Direct is a company that can be sued and denies that Lodi Mattress Direct is a defendant in this lawsuit.  Defendants admit the remaining allegations contained in Paragraph 83.

84.     Defendants deny the allegations contained in Paragraph 84.

85.     Defendants admit the allegations contained in Paragraph 85.

86.     Defendants admit that Mr. Conrad trained and instructed RSS franchisees and licensees but deny the rest of the allegations contained in Paragraph 86.

87.     Defendants deny the allegations contained in Paragraph 87.

88.     Defendants deny the allegations contained in Paragraph 88.

89.     Defendants deny the allegations contained in Paragraph 89, and Defendants specifically deny that Exhibit B is an enforceable, valid contract.

90.     Defendants deny the allegations contained in Paragraph 90.

91.     Defendants deny the allegations contained in Paragraph 91.

92.     Defendants deny the allegations contained in Paragraph 92.

93.     Defendants admit the allegations contained in Paragraph 93.

94.     Defendants deny the allegations contained in Paragraph 94.

95.     Defendants admit the allegations contained in Paragraph 95.

96.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96, and therefore, deny the same.

97.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97, and therefore, deny the same.

98.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98, and therefore, deny the same.

8

99.     Defendants admit that the ABD website was previously publicly accessible but deny the remaining allegations contained in Paragraph 99.

100.     Defendants admit that Mr. Conrad authored *Mattress Money* and *A Million Ways to Make a Million Dollars* but deny the remaining allegations contained in Paragraph 100.

101.     Defendants admit that Mr. Conrad authored *Mattress Money* and *A Million Ways to Make a Million Dollars* but deny the remaining allegations contained in Paragraph 101.

102.     Defendants state that *Mattress Money* and *A Million Ways to Make a Million Dollars* speak for themselves and deny all allegations inconsistent therewith as alleged in Paragraph 102.

103.     Defendants deny the allegations contained in Paragraph 103.

104.     Defendants deny the allegations contained in Paragraph 104.

105.     Defendants admit that ABD had publicly accessible job postings earlier in the year but deny the remaining allegations contained in Paragraph 105.

106.     Defendants admit that ABD had publicly accessible job postings earlier in the year but deny the remaining allegations contained in Paragraph 106.

107.     Defendants admit that ABD had publicly accessible job postings earlier in the year but deny the remaining allegations contained in Paragraph 107.

108.     Defendants admit ABD had a voicemail in place but deny the remaining allegations contained in Paragraph 108.

109.     Defendants deny the allegations contained in Paragraph 109.

110.     Defendants deny the allegations contained in Paragraph 110.

111.     Defendants deny the allegations contained in Paragraph 111.

112.     Defendants deny the allegations contained in Paragraph 112.

9

113. Defendants deny the allegations contained in Paragraph 113.

114. Defendants deny the allegations contained in Paragraph 114.

115. In response to Paragraph 115, Defendants incorporate and reassert their previous and subsequent responses as if fully rewritten.

116. Paragraph 116 contains a statement of law to which no response is required.

117. Defendants deny the allegations contained in Paragraph 117.

118. Defendants deny the allegations contained in Paragraph 118.

119. Defendants deny the allegations contained in Paragraph 119.

120. Defendants deny the allegations contained in Paragraph 120.

121. Defendants deny the allegations contained in Paragraph 121.

122. Defendants deny the allegations contained in Paragraph 122.

123. Defendants deny the allegations contained in Paragraph 123.

124. Defendants state that the *Power Marketing Direct* case speaks for itself and deny all other allegations contained in Paragraph 124.

125. Defendants state that the *Power Marketing Direct* case and Exhibit E speak for themselves and deny all other allegations contained in Paragraph 125.

126. Defendants deny the allegations contained in Paragraph 126.

127. Defendants state that the Florida case and Exhibit F speak for themselves and deny all other allegations contained in Paragraph 127.

128. Defendants deny the allegations contained in Paragraph 128.

129. Defendants states that sworn statement speaks for itself and deny all other allegations contained in Paragraph 129.

130. Defendants deny the allegations contained in Paragraph 130.

4906-9134-0723, v. 1

131. Defendants deny the allegations contained in Paragraph 131.

132. Defendants deny the allegations contained in Paragraph 132.

133. Defendants deny the allegations contained in Paragraph 133.

134. Defendants deny the allegations contained in Paragraph 134.

135. Defendants deny the allegations contained in Paragraph 135.

136. Defendants deny the allegations contained in Paragraph 136.

137. Defendants deny the allegations contained in Paragraph 137.

138. Defendants deny the allegations contained in Paragraph 138.

139. Defendants deny the allegations contained in Paragraph 139.

140. Defendants deny the allegations contained in Paragraph 140.

141. In response to Paragraph 141, Defendants incorporate and reassert their previous and subsequent responses as if fully rewritten.

142. Paragraph 142 contains a statement on what statutory authority it is bringing its claim under and thus no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 142.

143. Defendants deny the allegations contained in Paragraph 143.

144. Defendants deny the allegations contained in Paragraph 144.

145. Defendants deny the allegations contained in Paragraph 145.

146. Defendants deny the allegations contained in Paragraph 146.

147. Defendants deny the allegations contained in Paragraph 147.

148. In response to Paragraph 148, Defendants incorporate and reassert their previous and subsequent responses as if fully rewritten.

149. Defendants deny the allegations contained in Paragraph 149.

4906-9134-0723, v. 1

150. Defendants deny the allegations contained in Paragraph 150.

151. Defendants deny the allegations contained in Paragraph 151.

152. In response to Paragraph 152, Defendants incorporate and reassert their previous and subsequent responses as if fully rewritten.

153. Defendants deny the allegations contained in Paragraph 153.

154. Defendants deny the allegations contained in Paragraph 154.

155. Defendants deny the allegations contained in Paragraph 155.

156. Defendants deny the allegations contained in Paragraph 156.

157. Defendants deny the allegations contained in Paragraph 157.

158. In response to Paragraph 158, Defendants incorporate and reassert their previous and subsequent responses as if fully rewritten.

159. Defendants deny the allegations contained in Paragraph 159.

160. Defendants deny the allegations contained in Paragraph 160.

161. Defendants deny the allegations contained in Paragraph 161.

162. Defendants deny the allegations contained in Paragraph 162.

163. In response to Paragraph 163, Defendants incorporate and reassert their previous and subsequent responses as if fully rewritten.

164. Defendants deny the allegations contained in Paragraph 164.

165. Defendants deny the allegations contained in Paragraph 165.

166. Defendants deny the allegations contained in Paragraph 166.

167. Defendants deny the allegations contained in Paragraph 167.

168. Defendants deny the allegations contained in Paragraph 168.

4906-9134-0723, v. 1

Defendants deny all allegations not specifically admitted herein, all headings, subparts, and WHEREFORE clauses contained in the Complaint.

## AFFIRMATIVE DEFENSES

1.      The Complaint fails to state a claim upon which relief may be granted.

2.      All or part of the Complaint is barred by the applicable statutes of limitations.

3.      All or part of the Complaint is preempted by state and/or federal law.

4.      Plaintiff's claims are barred due to its own wrongful acts and negligence.

5.      Plaintiff's claims are barred because it failed to mitigate its alleged damages and/or lacks actual damages.

6.      Plaintiff's claims are barred as one or more Defendants do not have the capacity to be sued.

7.      The Complaint is barred, in whole or in part, by the doctrines of estoppel, bad faith, laches, waiver, and/or failure of consideration.

8.   The Complaint is barred, in whole or in part, by the Statue of Frauds.

Defendants reserve the right to amend this Answer and add Affirmative Defenses.

WHEREFORE, Defendants request that Plaintiff's Complaint be dismissed in its entirety, and Defendants be awarded all costs to defend, including reasonable attorney fees and all other relief to which they are entitled at law or in equity.

13

4906-9134-0723, v. 1

**COUNTERCLAIM OF DEFENDANT/COUNTECLAIM PLAINTIFF TROY MEATH AGAINST PLAINTIFF/COUNTERCLAIM DEFENDANT RETAIL SERVICE SYSTEMS, INC.**

NOW COMES Defendant/Counterclaim Plaintiff Troy Meath and for his Counterclaim against Plaintiff/Counterclaim Defendants Retail Service Systems, Inc. ("RSS"), state as follows:

1.      Mr. Meath asserts this Counterclaim in the alternative to his defenses to Plaintiff's complaint.

2.      This Court possesses jurisdiction over the subject matter of this action under 28 U.S.C. § 1367.

3.      Troy Meath had an employment relationship with RSS from March 2018 until June 2022 during which he recruiter others to open mattress stores associated with RSS.  Prior to his employment relationship, Mr. Meath worked as an independent contractor with RSS starting in June 2015; although, he did not sign an independent contractor agreement.

4.      Mr. Meath used RSS as a vendor for the mattresses they sold.

5.      On June 22, 2022, RSS terminated Mr. Meath's employment.  Besides having RSS as a vendor, Mr. Meath's relationship with RSS ended on that date.  He no longer had regular email exchanges with employees, no longer attended any group meetings, and no longer attended RSS's yearly dealer conference, which was mandatory for all RSS dealers.

6.       In March 2025, Mr. Meath stopped using RSS as a vendor because RSS stopped carrying the mattress brand preferred by Mr. Meath.

7.      Starting in November 2025, Scott Andrew started contacting Mr. Meath in an effort to bring Mr. Meath back into a business relationship with RSS.  Mr. Andrew texted Mr. Meath and left him a message.  Mr. Andrew wanted Mr. Meath to become a licensee to RSS.  Mr. Meath refused and continued to operate his business as he had since his termination in June 2022.

14

8. Then in May 2026, after Plaintiff filed its complaint against Defendants, Plaintiff reached out to Mr. Meath again. This time, Plaintiff used Brad Loy with whom it had just reached a settlement.

9. On the advice and request of Mr. Andrew, Mr. Loy called Mr. Meath during the week leading up to the preliminary injunction hearing. Mr. Loy informed Mr. Meath that RSS would be willing to stop all litigation with Defendants if they signed a franchise agreement and if Mr. Meath would become an employee of RSS to assist with recruiting again. Mr. Loy informed Mr. Meath that litigation was expensive and that he could spend tens of thousands of dollars defending against the lawsuit, which he would not be able to recover even if he was successful. Or he could accept RSS's one-time offer to settle the entire cases against him by restarting the business relationship with RSS.

10. Mr. Meath has no desire to renew his relationship with RSS, so he did not agree to RSS's proposal made through Mr. Loy.

11. Upon information and belief, RSS has been having difficulty recruiting new dealers to its business model, which is why they wanted Mr. Meath to return to his recruiting role. Mr. Meath had significant success recruiting new dealers when he was employed by RSS.

### CLAIM I – ABUSE OF PROCESS (In the Alternative)

12. Mr. Meath realleges and incorporates by reference all preceding paragraphs as if fully rewritten herein.

13. In the alternative to Mr. Meath's defenses in this matter, he asserts that Plaintiff has abused this Court's process.

14. To the extent Plaintiff filed its complaint in proper form and with probable cause, Plaintiff perverted these proceedings to accomplish an ulterior purpose. Specifically, Plaintiff filed

15

its complaint against Mr. Meath and Mattress Direct—Lodi in an attempt to get Mr. Meath to sign a franchise or other agreement with Plaintiff and for Mr. Meath to return to work for Plaintiff in its recruiting department.

15.     This Court's legal proceedings are not designed to force parties to sign an agreement or otherwise enter into a business relationship with another party.

16.     Mr. Meath has been damaged by Plaintiff's abuse of process, including but not limited to the time and expense in defending against Plaintiff's claims.

**WHEREFORE**, Troy Meath seeks judgment against Counterclaim Defendant as follows: damages in an amount to be determined at trial, plus attorneys' fees, pre-judgment and post-judgment interest, and costs; and any other and further relief this Court deems just and proper.

Respectfully submitted,

*/s/ Tiffany L. Carwile*
Tiffany L. Carwile (0082522)
Daniel J. Matusicky (0091959)
Daniel J. Walsh (0104547)
**KOHRMAN JACKSON KRANTZ LLP**
10 West Broad Street, Suite 2500
Columbus, Ohio 43215
Tel: 614.427.5754
Email:        tlc@kjk.com
                  djm@kjk.com
                  djw@kjk.com

*Co-Counsel for Defendants America Bedding Direct, LLC, Darren Conrad, Troy Meath, and Mattress Direct-Lodi*

16

## JURY DEMAND

Defendants respectfully demand a trial by jury pursuant to Fed. R. Civ. P. 38.

*/s/ Tiffany L. Carwile*
Tiffany L. Carwile (0082522)


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed this 8th day of June, 2026, via the CM/ECF system, which by its operation will serve all registered parties who have entered an appearance in this matter.

*/s/ Tiffany L. Carwile*
Tiffany L. Carwile (0082522)

17

4906-9134-0723, v. 1